GOGGIN *v.* GOGGIN.

4-7054                                    170 S. W. 2d 683

Opinion delivered May 3, 1943.

*Henley & Henley,* for appellant.

*W. F. Reeves,* for appellee.

GRIFFIN SMITH, C. J. Appellant and appellee, during the twenty-seven years of their married life, had separated twenty or twenty-five times, due to incom-

patibility, or to the ebullient disposition of one or the other. Records do not clearly disclose the source of blame. It is indicated, however, that neither is wholly guiltless.

Even in this environment, where tranquillity only occasionally prevailed, mutual respect for family obligations seems to have promoted short-lived periods of coöperation while a son and daughter were passing from childhood to maturity; but this era of repose was shadowed by the reservation that when the couple's issue no longer required parental guidance, marital obligations would be cast aside.

This appeal is from an order of the Chancery Court vacating a decree of divorce obtained March 14, 1942, on the husband's complaint that his wife's "never-ceasing nagging and quarreling rendered his life unbearable and intolerable." An allegation was that there had been "a complete and full settlement of all property rights." The Court was asked to approve this accord, "as will be shown by the testimony herein."

The decree recited that the defendant's written waiver of service had been filed, consenting that a hearing be had in term or vacation. An affirmative finding is that the cause was heard upon the complaint and waiver. There is no reference to testimony; nor does the record show what evidence was before the Court.

Defendant's petition to vacate was filed July 28. Collusion, duress (amounting to coercion), and failure to make property settlement, were charged. Notice of the petition was duly served upon Will Goggin. Written information was given that an order would be requested to restrain Goggin from beating, abusing, or otherwise attempting to injure or intimidate the petitioner, her witnesses, or any other person connected with the litigation. *Lis pendens,* relating to designated real property, was lodged with the Clerk.

August 5, 1942, the Court required Goggin to execute a compliance bond, responsive to allegations that the petitioner and her witnesses were being intimidated.

When the respondent's demurrer had been overruled, he answered and cross complained.

The Court, in effect, found that the July entry of appearance had been obtained through the husband's coercion; that authority to set aside the proceeding was to be found in § 8246 of Pope's Digest, and that § 8248 had been substantially complied with.

Without reviewing evidence, we think that the absence of record testimony (and the want of a showing that the decree reflected the Court's understanding of issues) justified the order vacating from which this appeal comes. It is therefore affirmed.